BRYAN J. FISCHER, Corporation Counsel Adams County
You have requested my opinion on whether a county child support office may legally disclose confidential information contained in a county paternity case file to county fraud investigators.
It is my opinion that the information contained in the county paternity case file may be released for purposes of fraud investigation of the public assistance programs specified in section 49.53, Stats.
Section 49.53 (1m) provides in part that no person may use or disclose information concerning establishment of paternity services under section 46.25 for any purpose not connected with the administration of programs for general relief, aid to families with dependent children, social services, child and spousal support and supplemental payments under section 49.177. To the extent that fraud investigation is necessary for the administration of the above programs, paternity information can be released to the county fraud investigator. This conclusion is consistent with an earlier opinion issued by this office, 69 Op. Att'y Gen. 95 (1980). That opinion reviewed in detail the type of information which could be released under section 49.53. In that opinion it was noted that section 49.53 must be construed in a manner consistent with the federal regulations from which it emanated. The opinion stated that the federal regulations and legislative history allowed release of information concerning AFDC recipients in "[a]ny investigation, prosecution, or criminal or civil proceeding conducted in connection with the administration of any such plans. . . ." Id. at 99. *Page 227 
The applicable federal regulations governing information contained in paternity files and other public assistance files still allow for release of information for purposes of investigation of specified programs. 45 C.F.R. § 303 (1991) sets forth the standards for program operations including the establishment of paternity. See 45 C.F.R. § 303.5 (1991).45 C.F.R. § 303.21 (1991) provides that:
 (a) Under State statute which imposes legal sanctions, the use or disclosure of information concerning applicants or recipients of support enforcement services is limited to purposes directly connected with:
. . . .
 (2) Any investigations, prosecution or criminal or civil proceeding conducted in connection with the administration of any such plan or program;
(Emphasis added.) This regulation which safeguards information concerning applicants or recipients of support enforcement services does not prevent information in a case file from being released to other programs for purposes of an investigation, prosecution or criminal or civil proceeding. Rather, the regulation provides that the information may be released for purposes of "[a]ny investigations . . . conducted in connection with the administration of any such plan or program."45 C.F.R. § 303.21 (a)(2). Hence, based on the applicable federal regulation, I conclude that information contained in a paternity case file may be released to the county fraud investigator if he or she is conducting an investigation of one of the public assistance programs specified in section 49.53 (1m).
The Wisconsin Supreme Court has interpreted section 49.53 inState ex rel. Dombrowski v. Moser, 113 Wis.2d 296,334 N.W.2d 878 (1983). The issue in that case was whether paternity prosecution was a "purpose . . . connected with the administration" of aid to dependent children within the meaning of section 49.53 thereby allowing the defendant in a paternity action to inspect a county department of social services record *Page 228 
which might have contained relevant evidence to impeach the complainant. The court concluded that disclosure of AFDC information in a paternity proceeding was proper under section 49.53 which provides that such information may be disclosed for "`purposes directly connected with . . . any investigation, prosecution or criminal or civil proceeding conducted in connection with the administration of' the AFDC program."Dombrowski, 113 Wis.2d at 303. The court found that a paternity proceeding instituted to establish the paternity of a child who has applied for or is receiving AFDC is a civil proceeding directly connected with the administration of the AFDC program.Id. In reaching its decision the court held that use of the AFDC information must be restricted to the paternity proceeding and it noted that under section 767.53, all court proceedings relating to paternity are held in closed court and all records of the proceedings are placed in a closed file. Dombrowski,113 Wis.2d at 304-05.
Section 767.53 governs the confidentiality of court records in paternity hearings and sets forth the circumstances under which information from the court records can be released. For purposes of this opinion, however, I will not address the issue of access to paternity court records because your request focuses on access to county paternity case files.
The other statute which should be addressed is section 46.25 which governs child and spousal support, establishment of paternity and medical liability. Section 46.25 (1) provides in relevant part that:
 There is created a child and spousal support and establishment of paternity and medical liability support program in the department. The purpose of this program is to establish paternity when possible. . . . To accomplish the objectives of this program and of other assistance programs under ch. 49, county and state agencies will cooperate with one another to implement a child and spousal support and paternity establishment program in *Page 229 
accordance with state and federal laws, regulations and rules and to assure proper distribution of benefits of all assistance programs authorized under ch. 49.
Section 46.25 (2m) provides that:
 The department may request from any person any information it determines appropriate and necessary for the administration of [section 46.25 and other specified public assistance programs]. . . . The department or the county child and spousal support agency may disclose information obtained under this subsection only in the administration of [section 46.25 and other specified public assistance programs].
Hence, like section 49.53 and the applicable federal regulation, section 46.25 allows information obtained for purposes of establishment of paternity to be disclosed as necessary for the administration of other public assistance programs and to assure the proper distribution of benefits of all assistance programs under chapter 49.[1] Thus, the Legislature has established a comprehensive regulatory framework which serves the joint purpose of safeguarding information about applicants and recipients of public assistance under chapter 49 and information about child and spousal support and establishment of paternity services under section 46.25. At the same time, this framework allows for the exchange of information between those programs as necessary for the *Page 230 
administration of those programs and assuring the proper distribution of benefits.
JED:LS
[1] The Wisconsin Supreme Court briefly discussed section 46.25 in In Matter of Grant, 83 Wis.2d 77, 86 n. 7, 264 N.W.2d 587
(1978). The court noted that section 46.25 authorized department officials to obtain information "only upon an assurance by program officials that the information will be used solely in connection with their official duties under the child support and establishment of paternity program." Id. Since that decision, section 46.25 has been amended to allow department officials to obtain and disclose information necessary for the administration of AFDC, medical assistance and food stamps as well as the child support and establishment of paternity program. See
1985 Wisconsin Act 29, secs. 862 and 863. *Page 231